# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**ARMOND BURRIS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05-CR-144

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has served intermittent custodial sentences with the Michigan Department of Corrections from 1983 to 2004, resuming residency in Grand Rapids in April 2004 after release from the MDOC. He spent the remainder of the year in Florida, before being arrested in Grand Rapids on charges related to the present offense. Defendant has no permanent residency, although he could stay with his mother or his girlfriend, and no history of employment. Defendant has a lengthy criminal record and has not done well upon release. For example, following imprisonment in 1983 for felony assault with the intent to rob while armed, defendant was paroled in 1993 and returned to MDOC custody (Continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings, in light of his lack of financial ties to the community, his lack of employment, his lack of a permanent residency, his questionable mental health status, apparently caused in part by a substance abuse history, and his repeated failure to abide by conditions of trust granted to him over the years when he has been placed on parole, released on bail, etc. (Continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 24, 2005

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Armond Burris
1:05-CR-144
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

    in 1994, paroled in September 1997 and returned to MDOC custody in 1998, and paroled in October 2000 and returned to MDOC custody in 2001 for a parole violation. It appears he was ultimately released only after he served most of his 4 to 20 year sentence. Several bench warrants have been issued for the defendant since 2001 for failure to appear. Defendant's most recent conviction has been for giving false information to a police officer. Defendant also has a history of substance abuse and appeared disoriented during his interview with Pretrial Services, falling asleep several times. His girlfriend has also stated that defendant has exhibited behavior to suggest recent illicit substance abuse and believes he would benefit from drug treatment. Defendant's mother also has described emotional behavior on defendant's part and says that he is in need of mental health counseling.

**Part II - Written Statement of Reasons for Detention -** (continued)

    Defendant's brief release on bond to state court recently is not sufficient to alleviate the court's other concerns set forth above.